861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John L. JELKS, Jr. Plaintiff-Appellant,
v.
Martin UNDERHILL, James Trierweiler, James Webster, and
Frank Medrano, Defendants-Appellees.
 No. 87-1411.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant John Jelks appeals from the judgment for defendants in this civil rights action brought pursuant to 42 U.S.C. section 1983. Jelks contends that the defendants, City of Lansing, Michigan, police officers, violated several of his constitutional rights during the investigation of an armed robbery which occurred on June 28, 1981.
 
 
 2
 In the course of their investigation of the armed robbery, the defendants entered the apartment where plaintiff Jelks was residing and conducted a search of the upstairs of the apartment. When Jelks began to protest, he was placed under arrest. Following his arrest, one of the defendants transported Jelks to the hospital where the victim of the assault had been admitted. At the hospital, a witness to the crime identified Jelks, who was sitting in the back of the police cruiser, as the individual leaving the scene of the crime. Jelks was subsequently convicted of armed robbery.
 
 
 3
 Acting pro se, Jelks filed this action on July 7, 1983. An amended complaint was filed on October 22, 1984. Jelks contended that (1) the defendants made an illegal entry into his home; (2) they conducted an illegal search and seizure; (3) the defendants conducted a "show-up" in violation of the Fourteenth Amendment; (4) he was illegally arrested without probable cause; and (5) the defendants conspired to violate his civil rights. Jelks filed a motion pursuant to 28 U.S.C. Sec. 1915(c) for appointment of counsel, and the motion was granted and counsel appointed on February 25, 1986.
 
 
 4
 The defendants subsequently filed a motion for summary judgment, contending that Jelks' claims were barred under the doctrine of collateral estoppel as a result of his conviction following a criminal trial in state court. The district court granted the defendants' motion in part, holding that the state criminal proceedings had fully litigated Jelks' claims that he had been illegally arrested, and that the defendants had made an illegal entry into his home. However, the district court concluded that Jelks was entitled to proceed with his claims of illegal search and seizure, improper identification, and conspiracy.
 
 
 5
 On the first day of trial, April 7, 1987, the defendants renewed their motion for summary judgment on Jelks' claim of improper identification and conspiracy, and referred the district court to a transcript of an evidentiary hearing in state court wherein Jelks' claim for improper identification had been adversely resolved. The defendants also contended that the conspiracy theory, based on claims that the defendants had purged themselves in the course of testimony in the criminal proceedings, was barred by Jelks' conviction. The district court conducted a hearing and concluded that the identification and conspiracy theories had been fully litigated in state court and were, therefore, barred under the doctrine of collateral estoppel.
 
 
 6
 The parties then proceeded to trial on Jelks' remaining cause of action, illegal search and seizure, and the jury returned a verdict of no cause of action. Jelks filed a timely notice of appeal.
 
 
 7
 Jelks raises several issues in this pro se appeal. He contends that (1) the jury's verdict was contrary to the weight of the evidence; (2) the district court abused its discretion in not declaring a mistrial sua sponte because of defense counsel's improper and prejudicial comment in opening argument; (3) the district court erred in concluding that some of Jelks' claims were barred by collateral estoppel as a result of his criminal conviction; (4) the district court erred in permitting defendants to renew the motion for summary judgment at trial; (5) he is entitled to a new trial because of the ineffective assistance of his appointed civil counsel; (6) the district court erred in dismissing the claim against the unserved defendant (James Trierweiler); and (7) the state criminal court's failure to permit him to testify at a suppression hearing infringed upon his right to a fair hearing and the right to be heard.
 
 
 8
 Upon consideration of the entire record and the briefs filed herein, we conclude that all of the alleged errors are without merit. Therefore, the judgment of the district court is AFFIRMED in its entirety.